**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

**CIVIL ACTION NO. 14-2-DLB**

**ARTERIA D. BIBBS**                                                                                        **PETITIONER**

**v.**                    **MEMORANDUM OPINION AND ORDER**

**KAREN EDENFIELD, WARDEN**                                                  **RESPONDENT**

\*\*\*     \*\*\*     \*\*\*     \*\*\*

Arteria Bibbs is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without counsel, Bibbs has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. #1)

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

On September 21, 2000, Bibbs signed a written plea agreement in which he agreed to plead guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) in exchange for the dismissal of numerous other firearms and drug trafficking charges. At the sentencing hearing, Bibbs objected to being classified as a "career offender" under the Sentencing Guidelines on the ground that his prior felony conviction in Tennessee for reckless endangerment did not qualify as a prior "violent felony" under the Guidelines. The presentence report indicated that on September 14, 1993, Bibbs began firing a handgun at another individual. Behind his target was a school bus containing 25 children. The trial court overruled the objection, and on February 9, 2001, presumably applying the sentencing enhancement found in U.S.S.G. § 4B1.1(a), sentenced Bibbs to a 262-month term of imprisonment to be followed by an eight-year term of supervised release. *United States v. Bibbs*, No. 1:00-cr-84-1 (E.D. Tenn. 2000). Bibbs abandoned this particular objection on appeal, and the Court of Appeals for the Sixth Circuit affirmed his conviction and sentence. *United States v. Bibbs*, 23 F. App'x 502 (6th Cir. 2001).

In his petition, Bibbs argues that his prior state conviction for reckless endangerment was not a violent felony within the meaning of U.S.S.G. § 4B1.2(a)(1) in light of the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008). Bibbs points to the Sixth Circuit's decision in *United States v. Baker*, 559 F.3d 443, 452 (6th Cir. 2009), where the court held that a conviction for reckless endangerment under Tennessee law is not a prior violent felony under the guidelines utilizing the *Begay* analysis.

Bibbs has presented this identical claim before, and this Court has denied relief. *Bibbs v. Hogsten*, No. 6:11-CV-232-ART (E.D. Ky. 2011) (holding *Begay* claim of

sentencing error not cognizable in § 2241 petition), *aff'd*, No. 11-6166 (6th Cir. 2012). Federal law prohibits a prisoner from repeatedly presenting the same claim in successive petitions:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Because Bibbs's claims have previously been decided against him in a prior habeas petition, the Court will summarily dismiss the petition under § 2244(a) and as an abuse of the writ. *McClesky v. Zant*, 499 U.S. 467, 483-84 (1991); *Thunder v. U.S. Parole Comm'n*, 165 F. App'x 666, 668 (10th Cir. 2006); *Moses v. United States*, No. 95-5472, 1996 WL 132157, at *1 (6th Cir. 1996) ("The merits of petitioner's claims previously decided need not be relitigated pursuant to 28 U.S.C. § 2244 where, as here, the ends of justice would not be served."); *Dunne v. Zuercher*, No. 7:10-71-ART (E.D. Ky. 2010), *aff'd*, No. 12-5066 (6th Cir. 2012).

The Sixth Circuit has also rejected Bibbs's newfound reliance upon *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012), as a basis to obtain relief from his conviction. *In re: Bibbs*, No. 13-5718 (6th Cir. Oct. 23, 2013). And his argument that § 2255(e) must be interpreted to permit review of his claims under § 2241 to avoid an unconstitutional suspension of the writ is utterly meritless. *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996); *Swain v. Pressley*, 430 U.S. 372, 381 (1977); *Gilbert v. United States*, 640 F.3d 1293, 1316-17 (11th Cir. 2011).

3

Accordingly, **IT IS ORDERED** that:

1. Bibbs's petition for a writ of habeas corpus (Doc. #1) is **DENIED.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 19th day of February, 2014.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\London\14-02 MOO dismissing habeas petition.wpd